**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1682**

HARRY LAWRENCE QUIGLEY,

> Plaintiff - Appellant,

> v.

CITY OF HUNTINGTON, WEST VIRGINIA; SHANE BILLS, In both his official and personal capacities; CASEY WILLIAMSON, In both his official and personal capacities; JOEY KOHER, In both his official and personal capacities; JASON SMITH, In both his official and personal capacities; JAMES TALBERT, In both his official and personal capacities,

> Defendants - Appellees,

> and

HUNTINGTON POLICE DEPARTMENT; JOSEPH CICCARELLI, et al. (In both their official and personal capacities),

> Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Gina M. Groh, Chief District Judge. (3:17-cv-01906)

Submitted: November 24, 2020                    Decided: January 12, 2021

Before NIEMEYER, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Harry Lawrence Quigley, Appellant Pro Se.  Steven Kenneth Nord, OFFUTT NORD, PLLC, Huntington, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Lawrence Quigley appeals the district court's order accepting the recommendation of the magistrate judge and awarding summary judgment to Appellees on Quigley's Fourth Amendment claim under 42 U.S.C. § 1983. Quigley also appeals the district court's subsequent order dismissing with prejudice his claims challenging the constitutionality of W. Va. Code Ann. § 61-7-11 (West, Westlaw through 2020 legislation) and W. Va. Const. art. VIII, § 10. As explained below, we affirm with one modification.

Beginning with Quigley's claim challenging the constitutionality of § 61-7-11, we affirm substantially for the reasons stated by the district court.[*] *Quigley v. City of Huntington*, No. 3:17-cv-01906 (S.D.W. Va. Mar. 30, 2020). Furthermore, because Quigley's challenge to the district court's ruling on his Fourth Amendment claim rests entirely on his meritless argument that § 61-7-11 is unconstitutional, we are satisfied that Quigley has failed to identify any reversible error in that ruling. *See Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979).

With respect to Quigley's claim contesting the constitutionality of W. Va. Const. art. VIII, § 10, we conclude that Quigley lacks Article III standing to pursue such a claim. *See Davis v. FEC*, 554 U.S. 724, 734 (2008) (explaining that plaintiff must demonstrate

---

[*] We agree with the district court that Quigley has not demonstrated that § 61-7-11 is unconstitutionally vague as applied to the facts of this case. *See United States v. Moriello*, __ F.3d __, __, No. 19-4464, 2020 WL 6758567, at *4 (4th Cir. Nov. 18, 2020) (summarizing vagueness doctrine). We also conclude that Quigley's overbreadth challenge to § 61-7-11 is not cognizable. *See Sabri v. United States*, 541 U.S. 600, 609-10 (2004) (specifying types of overbreadth challenges that Supreme Court has recognized).

3

Article III standing for each claim); *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252 (4th Cir. 2020) (reciting elements of Article III standing).  More specifically, Quigley has failed to demonstrate that any injury that he suffered as a result of W. Va. Const. art. VIII, § 10 is "fairly traceable" to Appellees' conduct.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (alterations and internal quotation marks omitted).  Consequently, this claim should have been dismissed without prejudice for lack of Article III standing. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

Accordingly, we affirm as modified to reflect a dismissal without prejudice solely as to Quigley's claim challenging the constitutionality of W. Va. Const. art. VIII, § 10.  We also deny Quigley's motion for declaratory judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*